In the Matter of The INTERNATIONAL GOLD BULLION EXCHANGE, INC., a Florida corp., et al., Debtors.

Earl FAIRCLOTH, Trustee, Plaintiff,

v.

Bill and Doris MARTIN, Defendant.

Bankruptcy Nos. 83–00754–BKC–SMW to 83–00756–BKC–SMW. Adv. No. 85–0114–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

July 9, 1985.

See also Bkrtcy., 50 B.R. 704, Bkrtcy., 50 B.R. 706.

Stewart P. Chambers, Fort Lauderdale, Fla., for trustee.

Sandy Karlan, Coral Gables, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause having come on before the Court on May 22, 1985, upon the Complaint of the Trustee to avoid a preferential transfer pursuant to Section 547 of the Bankruptcy Code and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law.

On April 27, 1983, The International Gold Bullion Exchange, Inc. (the "Debtor"), filed its Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtor and the Defendants had entered into two contracts dated December 30, 1982 and January 3, 1983 for the sale and purchase of, respectively, 2 one hundred ounce silver bars and 20 one hundred ounce silver bars. The Defendants paid the Debtor the purchase price of $2,178.00 on January 3, 1983 for the first contract and $21,940.00 on January 6, 1983 for the second contract. The Debtor issued to the Defendants two Precious Metals Certificates of Ownership on, respectively, January 3 and January 6, 1983.

On March 17, 1983, after repeated demands by the Defendants, the Debtor delivered to the Defendants, 2 one hundred ounce silver bars and 10 one ounce silver bars in adjusted satisfaction of the December 30, 1982 contract and 20 one hundred ounce silver bars, together with 10 ten ounce silver bars, in adjusted satisfaction of the January 3, 1983 contract.

■ The Court finds that the Complaint alleges all of the elements required under Section 547 of the Code. *Matter of Advance Glove Manufacturing Co.*, 42 B.R. 489 (Bkrtcy.E.D.Mi.1984); *In re Saco Local Development Corp.*, 30 B.R. 870 (Bkrtcy.D.Me.1983); *In re Satterla*, 15 B.R. 166 (Bkrtcy.W.D.Mi.1981). The Court finds that the Defendants received the property of the Debtor in satisfaction of antecedent debts created on January 3 and 6, 1983 and that the date of delivery of these precious metals was within ninety (90) days next preceding the filing of the Petition by the Debtor for Chapter 11 protection, as is required under Section 547(b)(4)(A) of the Code. Additionally, the Court finds that the Defendants' receipt of these precious metals allowed the Defendants to receive more than they would have received had the Debtor filed its Petition under Chapter 7 of the Code (Liquidation) and there had been a distribution to unsecured creditors under said Chapter. The Court further finds that the Debtor was insolvent on the day of the Debtor's transfer of its precious metals to Defendants, under the presumption of insolvency under Section 547(f) of the Code, which presumption the Defendants left unrebutted.

The Court considered the following Affirmative Defenses, all others either having been abandoned or deemed to be without merit:

(1) There was no transfer of the Debtor's assets by virtue of the existence of contracts of bailment as between the Debtor and the Defendants as of January 3 and

6, 1983, the dates the Defendants received from the Debtor the Precious Metals Certificates of Ownership.

(2) The Debtor's consent to the entry of a State of Illinois Administrative Order on March 31, 1983 constitutes new value as between the Defendants and the Debtor, such as to premise a Section 547(c)(1) bar to the Trustee's recovery of the precious metals transferred by the Debtor to said Defendants.

■ The Court finds that the evidence and the testimony does not support the Defendants' Affirmative Defenses outlined above. A contract for bailment requires that there be a mutual agreement between the parties for a bailment and that, further, there be an actual physical delivery of the items to be bailed into the hands of the bailee. *Puritan Insurance Company v. Butler Aviation-Palm Beach, Inc.*, 715 F.2d 502 (11th Cir.1983); *Blum v. Merrill Stevens Dry Dock Company*, 409 So.2d 192 (3rd Fla.App. DCA 1982); *Rudisill v. Taxi Cabs of Tampa, Inc.*, 147 So.2d 180 (2nd Fla.App. DCA 1962). The Court finds that the evidence does not support the existence of any agreement for bailment and, further, that the Debtor never possessed the precious metals purchased by the Defendants until March 17, 1983, the date of transfer of the subject precious metals.

The Court further finds that the within-described transaction does not come within the purview of Section 547(c)(1) of the Code. The Debtor's consent to the entry of an Administrative Order promulgated by the State of Illinois on March 31, 1983, which Administrative Order permitted the Debtor, from that date on, to continue its sale and purchase of precious metals in the State of Illinois, does not constitute new value as between these Defendants and the Debtor. Additionally, it is significant and dispositive of the issue that the Defendants received their precious metals on March 17, 1983, in advance of the date of the Administrative Order; accordingly, the Administrative Order could not have been in exchange for these Defendants' precious metals and, thus, the Administrative Order cannot constitute new value such as to premise a Section 547(c)(1) bar to the Trustee's recovery of the subject precious metals.

Lastly, the Court finds that the value of the subject precious metals on the day they were received by the Defendants was $24,525.27.

In summary, the Court finds that the Trustee is entitled to judgment against the Defendants for the return of the aforedescribed precious metals, or, in the alternative, in the event the Defendants fail to return same within ten (10) days from the date of the Court's Final Judgment rendered herein, the Trustee shall be entitled to a Final Judgment for the value of said precious metals.